UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUE ANN EDWARDS,

    Plaintiff,

v.

JPMORGAN CHASE BANK NATIONAL ASSOCIATION, et al.,

    Defendants.

CASE NO. C17-5770 BHS

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND

This matter comes before the Court on Defendant JPMorgan Chase Bank National Association's ("Chase") motion to dismiss all claims (Dkt. 9) and Defendant Quality Loan Service Corp Washington's ("Quality") joinder in Chase's motion (Dkt. 10). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On September 14, 2017, Plaintiff Sue Ann Edwards ("Edwards") filed a complaint against Chase and Quality asserting claims for fraud, misrepresentation and concealment, and that her deed of trust is void ab initio. Dkt. 1.

On September 27, 2017, Chase removed the matter to this Court. Dkt. 1.

On October 12, 2017, Chase filed the motion to dismiss. Dkt. 9. Chase argues that Edwards's claims are barred by res judicata or collateral estoppel based on her previous actions in this Court. Dkt. 9 at 12 (citing *Edwards v. JP Morgan Chase Bank*

*NA*, No. C10-5839BHS (W.D. Wash)). On October 13, 2017, Quality filed a joinder in Chase's motion fully adopting Chase's arguments. Dkt. 10. On November 1, 2017, Edwards responded. Dkt. 13. On November 3, 2017, Chase replied and move to strike Edwards untimely response. Dkt. 14.[1]

## II. DISCUSSION

Res judicata bars the re-litigation of claims that were or should have been litigated in a prior action. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quotation omitted). "[I]dentity of claims exists when two suits arise from the same transactional nucleus of facts. Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id*. at 1078 (quotations omitted).

In this case, Chase argues that Edwards's claims are barred by res judicata. Dkt. 9. Edwards counters that her claims have nothing to do with Chase because she "does not seek to assign any accountability or responsibility" to Chase. Dkt. 13. This is an interesting argument because she specifically names Chase in the complaint and brings claims against Chase. Regardless, Edwards could have brought these newly articulated claims in the prior action, which involved the same parties and proceeded to final

---

[1] The Court denies the motion to strike because Chase is not prejudiced by the Court's consideration of the response.

judgment. Accordingly, the Court grants Chase's motion because Edwards's claims are barred by res judicata.

Regarding Quality, it is unclear what claims Edwards asserts against this company. Chase asserts that Quality was appointed to serve as the trustee for the current foreclosure. As such, Quality has failed to show that it was either a party in the previous matter or is in privity with a party in the prior matter. Qaulity, however, argues that Edwards fails to state a claim upon which relief may be granted. Dkt. 10. The Court agrees and grants Quality's motion to dismiss. The Court also grants Edwards leave to amend because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

### III. ORDER

Therefore, it is hereby **ORDERED** that Chase's motion to dismiss (Dkt. 9) is **GRANTED** and Edwards's claims against Chase are **DISMISSED with prejudice**, Quality's motion to dismiss (Dkt. 10) is **GRANTED**, and Edwards is **GRANTED** leave to amend her claims against Quality. Edwards may file an amended complaint no later than January 12, 2018. Failure to file an amended complaint or otherwise timely respond will result in **DISMISSAL** of the complaint.

Dated this 14th day of December, 2017.

BENJAMIN H. SETTLE
United States District Judge