UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUE ANN EDWARDS,<br><br>                Plaintiff,<br><br>    v.<br><br>QUALITY LOAN SERVICE CORP. WASHINGTON,<br><br>                Defendant. | CASE NO. C17-5770 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Quality Loan Service Corp. Washington's ("Quality") motion to dismiss (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On September 14, 2017, Plaintiff Sue Ann Edwards ("Edwards") filed a complaint against JPMorgan Chase Bank National Association's ("Chase") and Quality asserting claims for fraud, misrepresentation and concealment, and that her deed of trust is void ab initio. Dkt. 1.

On September 27, 2017, Chase removed the matter to this Court. Dkt. 1.

On October 12, 2017, Chase filed a motion to dismiss, arguing that Edwards's claims are barred by res judicata or collateral estoppel based on her previous actions in this court. Dkt. 9 at 12 (citing *Edwards v. JP Morgan Chase Bank NA*, No. C10-5839BHS (W.D. Wash)). On October 13, 2017, Quality filed a joinder in Chase's motion fully adopting Chase's arguments. Dkt. 10. On December 14, 2017, the Court granted Chase's motion on the basis of res judicata. Dkt. 15. The Court denied Quality's motion on the issue of res judicata because it was not a party to the previous suit, but the Court granted Quality's motion in part because Edwards failed to sufficiently state a claim for relief, and granted Edwards leave to amend. *Id*.

On January 10, 2018, Edwards filed an amended complaint asserting one claim of fraud. Dkt. 18. On February 8, 2018, Quality filed a motion to dismiss. Dkt. 21. On February 19, 2018, Edwards responded. Dkt. 22. On March 9, 2018, Quality replied. Dkt. 23.

## II.  DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

*Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, Quality moves to dismiss Edwards's fraud claim because it is time-barred and for failure to allege sufficient facts to state a claim against Quality. The Court agrees with Quality on both issues. First, Edwards alleges that her original loan was obtained by fraud in 2006. Dkt. 18. The statute of limitations for fraud is three years. RCW 4.16.080(4). Edwards's claim is time-barred because she filed this suit in 2017, which is more than three years after the alleged fraud. Edwards, however, argues that the statute of limitations "does not invalidate a claim." Dkt. 22 at 2 (citing *Walcker v. Benson & McLaughlin, P.S.*, 79 Wn. App. 739, 743 (1995)). While Edwards is technically correct, the very next phrase in *Walcker* provides that, instead of invalidating a claim, the statute of limitations merely "deprives a plaintiff of the opportunity to invoke the power of the courts in support of an otherwise valid claim." *Id.* (quoting *Stenberg v. Pacific Power & Light Co.*, 104 Wash.2d 710, 714 (1985)). Therefore, Edwards's claim is not invalidated, but the Court has no power to consider it because the claim is time-barred.

Second, Quality argues that Edwards fails to allege sufficient facts against Quality to state a claim. Quality is correct because Edwards's allegations involve third parties that have no relation to Quality. In fact, Quality was not involved in the loan initiation process, and only became associated with this matter in March 2017 when foreclosure proceedings began. Therefore, the Court grants Quality's motion on this issue as well.

Finally, Quality requests that the Court deny Edwards a second opportunity to amend her complaint. Dkt. 21 at 6. Edwards failed to respond to this portion of Quality's motion, which the Court considers as an admission that the argument has merit. LCR 7(b)(2). Moreover, Quality asserts that the foreclosure proceeding has been discontinued and any cause of action against it would be futile. Under these circumstances, the Court finds that leave to amend would be futile and denies Edwards leave to amend. *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).

### III.  ORDER

Therefore, it is hereby **ORDERED** that Quality's motion to dismiss (Dkt. 21) is **GRANTED**.

The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 10th day of April, 2018.

                                                BENJAMIN H. SETTLE
                                                United States District Judge